# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

TRACY LYNN BROWN, )
          )
    Plaintiff, )
          )
    vs. )   Case No.:
          )
EXPRESS SCRIPTS INC., )
          )
    Defendant, )
          )

(Stamp: RECEIVED APR 01 2019 BY MAIL)

## CIVIL COMPLAINT

Plaintiff Tracy Lynn Brown, ("Plaintiff" or "Tracy Brown") for its complaint against Defendant Express Scripts Inc., ("Defendant" or "Express Scripts Inc.") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A), ERISA § 502(c), 29 U.S.C. § 1132(c), and 29 U.S.C. § 1024(b)(4) against Defendant for failure to provide requested plan documents in direct violation of the Employee Retirement Income Security Act.

1

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff, Tracy Lynn Brown, is and at all times a citizen of the United States and resides in Pacific, Missouri.

3. Defendant and plan administrator Express Scripts, Inc. ("ESI"), is, and at all times material hereto was, a corporation organized and existing under the laws of the state of Delaware, with its principal place of business in St. Louis County, Missouri. It is a citizen of the states of Missouri and Delaware.

4. This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

5. Venue is proper in the Eastern District of Missouri under 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to these claims occurred in this District and Express Scripts Inc., is subject to personal jurisdiction in the District.

## STATEMENT OF FACTS

6. On November 21, 2016, Plaintiff Tracy Lynn Brown was approved for short term disability coverage through the Defendants' third-party administrator (Sedgwick Claims Management Services).

7. On March 22nd, 2017, the Defendants' short-term disability company (Sedgwick), applied for long term disability coverage on behalf of Plaintiff Tracy Lynn Brown.

8. On June 5th, 2017, Plaintiff Tracy Lynn Brown was denied long term disability benefits by Defendants' insurance company Metropolitan Life Insurance Company.

9. On June 9th, 2017, Plaintiff Tracy Lynn Brown retained attorney Matt Davis for representation and to file an appeal regarding the denial of long-term disability benefits.

10. On June 12th, 2017, attorney Matt Davis, through certified letter, requested the following documentation from MetLife and Defendant Express Scripts Inc, on behalf of Plaintiff Tracy Lynn Brown: Any and all summary plan descriptions, policies, certificates of insurance, complete copy of employment file, pay records and other plan documents related to short term and long-term disability policies.

11. As of July 18th, 2017, Plaintiffs' attorney Matt Davis had not received any documentation from Defendant and plan administrator Express Scripts Inc. On this date, Plaintiffs' attorney Matt Davis, sent a second certified letter to the Defendant and plan administrator requesting the same documentation outlined in paragraph 9.

12. Saturday, December 2nd, 2017 was the deadline date to file an appeal on behalf Plaintiff Tracy Lynn Brown.

13. On Thursday November 30th, 2017, Plaintiff attorney received a copy of the certificate of insurance from the Defendant via email, (specifically Karen Clay-Business Analyst/Human Resources). Plaintiff attorney responded to this very email requesting a plan document for voluntary LTD benefits, and also the Summary Plan Description for all LTD benefits, core, voluntary and buy-up.

3

14. On Monday, December 4th, 2017, Plaintiff attorney Matt Davis officially filed the appeal with Metropolitan Life Insurance Company.

15. On February 7th, 2018, Plaintiff Tracy Lynn Brown's appeal was denied.

16. On September 19th, 2018, attorney Matt Davis withdrew his representation of Plaintiff Tracy Lynn Brown. As of this date, the documentation outlined in paragraph 10 and 13, less the certificate of insurance, were never received.

## COUNT I.

## Claim for ERISA penalties pursuant ERISA § 502(c), 29 U.S.C. § 1132(c)(1)(B), 29 U.S.C. § 1132(a)(1)(A), and 29 U.S.C. § 1024(b)(4) for violation of Federal Law

17. Plaintiff re-alleges and incorporates herein each and every allegation contained in paragraphs 1 through 16 of this Complaint as if fully set forth set forth herein.

18. As a matter of technical pleading, if an administrator violated ERISA § 502(c), "a civil action may be brought (1) by a participant or beneficiary (A) for relief provided for in subsection (c) of this section." ERISA § 502(a)(1)(A), 29 U.S.C. § 1132(a)(1)(A).

19. Under 29 U.S.C. § 1024(b)(4), "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is

4

established or operated." Here, plan information was requested by Plaintiff attorney on three separate occasions, twice by certified mail on June 12th, 2017, and July 18th, 2017 respectively. The third request occurred on Thursday, November 30th, 2017 via email response to Defendant (specifically Karen Clay- Business Analyst/Human Resources) who had just emailed the certificate of insurance to Plaintiff attorney on this same day. Plaintiff attorney responded to the same email from Karen Clay requesting a plan document for voluntary LTD benefits, and also the Summary Plan Description for all LTD benefits, core, voluntary and buy-up. She never replied to the email request.

20. The Employee Retirement Income Security Act of 1974, *as amended*, makes it unlawful for "Any administrator who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." ERISA § 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B). Here, as of this date, the Defendants' by law have failed to provide critical plan documents that were needed to afford the Plaintiff proper representation for her appeal.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tracy Lynn Brown prays this Court to enter judgment in its favor and against Defendant for actual damages, court fees, costs and for such other and further relief which the Court deems necessary and just under the circumstances:

1. Award Plaintiff compensatory damages pursuant ERISA § 502(c)(1)(B) in the amount of $47,080. This total represents the amount by law of $110 for each day the Defendant missed the initial 30-day deadline. The total represents 428 days, starting from July 18, 2017 to September 19th, 2018.
2. Award Plaintiff $100,000 in punitive damages to deter future reckless and egregious behavior by Defendant.
3. Such other and further relief as the Court may deem just and proper.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the

complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __28__ day of __March__, 20__19__.

Signature of Plaintiff(s) _[signature]_

Tracy Brown

1920 Bogey Hill Drive

Pacific, Missouri 63069

**Phone:** (636) 900-2158

**Email:** info@bfgrpllc.com