UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACY LYNN BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-808 JMB |
| | ) | |
| EXPRESS SCRIPTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of *pro se* plaintiff Tracy Lynn Brown for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the filing fee. The Court will grant the motion and waive the filing fee. Furthermore, after reviewing the complaint, the Court will direct the Clerk of Court to issue process upon defendant Express Scripts, Inc.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a

complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff brings this action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, against plan administrator Express Scripts, Inc. for statutory penalties resulting from an alleged failure to provide requested plan documents.

Plaintiff alleges that she was approved for short-term disability coverage by defendant Express Scripts' third-party administrator Sedgwick Claims Management Services on November 21, 2016. However, on June 5, 2017, Sedgwick's application for long-term disability benefits on plaintiff's behalf was denied by defendant Express Scripts' insurance company Metropolitan Insurance Company. After the denial of long-term benefits, plaintiff retained an attorney on June 9, 2017, in order to file an appeal. On June 12, 2017, plaintiff asserts that her retained attorney requested documents on her behalf by certified letter, from plan administrator Express Scripts. According to plaintiff, the requested documents included: "Any and all summary plan

descriptions, policies, certificates of insurance, complete copy of employment file, pay records and other plan documents related to short term and long-term disability policies." ECF No. 1 at ¶ 10.

After receiving no response from defendant Express Scripts, plaintiff's attorney sent a second request via certified letter on July 18, 2017, for the same documents. On November 30, 2017, plaintiff's attorney received a copy of a certificate of insurance from an employee of defendant Express Scripts via email. Plaintiff's attorney replied back via email to the defendant employee requesting further documents including "a plan document for voluntary LTD benefits, and also the Summary Plan Description for all LTD benefits, core, voluntary and buy-up." *Id.* at ¶ 13.

Plaintiff's attorney never received a response or any further documents from Express Scripts. However, due to an imminent deadline, plaintiff's attorney filed plaintiff's appeal of the denial of benefits on December 4, 2017, without having received all the requested documentation. Plaintiff's appeal was denied on February 7, 2018. Plaintiff states that as of the date of the complaint filing in this matter, April 1, 2019, none of the requested documents – except the one certificate of insurance – have been received.

Plaintiff's complaint includes one count for statutory penalties against plan administrator Express Scripts for failure to provide requested plan documents. Plaintiff asserts that these documents were needed to afford plaintiff proper representation for her appeal. For relief, plaintiff seeks compensatory damages in the amount of $47,080 and punitive damages in the amount of $100,000.

**Discussion**

Under ERISA, 29 U.S.C. § 1132(c), an administrator must provide a plan participant with requested plan materials within thirty days of the request. Plaintiff seeks to recover the statutory

penalties of $110 per day authorized by 29 U.S.C. § 1132(c) to be assessed against an administrator who fails or refuses to furnish to a participant the information set forth in 29 U.S.C. § 1024(b)(4). Specifically, under 29 U.S.C. § 1024(b)(4): "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The Court may award penalties, at its discretion, for a violation of an administrator's duty to provide plan documents. *See Wesley v. Monsanto Co.*, 554 F. Supp. 93, 98 (E.D. Mo. 1982), *aff'd*, 710 F.2d 490 (8th Cir. 1983) ("Whether an award under § 1132(c) should be made is left to the sound discretion of the Court."); *Wasielewski v. Kirberg Roofing Inc.*, 821 F. Supp. 1303, 1305 (E.D. Mo. 1993) ("The statute authorizes but does not require a penalty in every instance when ERISA information is not provided within thirty days of the request.").

Plaintiff alleges that she is a participant in a plan administered by defendant Express Scripts, Inc. and that Express Scripts failed to comply with her multiple requests, beginning June 12, 2017 and made through her attorney, for plan documents including a summary plan description. According to plaintiff, not only did Express Scripts fail to comply with the specific requests within the thirty days allowed by statute, but it still had not complied by April 1, 2019, when this case was filed. Based on these allegations, the Court will direct the Clerk of Court to issue process against defendant Express Scripts, Inc. on plaintiff's complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. The filing fee is waived.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Express Scripts, Inc. via its registered agent, CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri 65101.

                                                                                      **/s/** ***John M. Bodenhausen***
                                                                                      JOHN M. BODENHAUSEN
                                                                                      UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of July, 2019.